## James Tannehill *v.* The Philadelphia Company, Appellant.

*Oil and gas companies—Pipe line—Evidence—Location of line and property.*

In an action for damages arising from increased servitude imposed by laying a pipe line in a public road of which the plaintiff held the fee, the plaintiff may give evidence of the proximity of the pipe line to a drain leading to the cellar of his house; the declared purpose being " to show the exact location of the pipe line and of the property."

*Pipe line—Evidence as to damage to land—Experts.*

Witnesses being produced to show the value of land before and after the laying of a pipe line, the court properly refused to permit the witnesses to be examined as to whether each had gas pipe lines leading through the land of each; the purpose being " to give the jury an idea of the ability of the witnesses to form and express an intelligent opinion as to the effect of this pipe line on this land." Had such witnesses been offered as experts in laying of pipe lines and the effect of such lines on land, such questions might have been proper in cross-examination, but they are wholly incompetent and immaterial in chief for the purpose of fortifying the testimony of the witnesses as to the effect of this pipe line upon plaintiff's land.

Argued April 21, 1896. Appeal, No. 75, April T., 1896, by defendant, from judgment of C. P. Washington County, Nov. Term, 1894, No. 146, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ Affirmed.

Appeal from award of viewers. Before TAYLOR, J. Verdict for plaintiff for $193.35.

This is a proceeding on appeal from the award of viewers appointed to ascertain and report the damages sustained by the plaintiff on account of the location and construction of defendant's pipe line along a public road traversing his land.

At the trial the court admitted under objection of defendant evidence in support of the following offer:

" We propose to prove by the witness on the stand that there is an underground drain extending from the cellar of the tenant house and opening out in close proximity to the defendant company's pipe line. This for the purpose of showing to the jury the exact location of the pipe line and of the property as a means of estimating the damage done to the property." [1]

The trial judge upon objection by the plaintiff overruled the defendant's offer to ask certain witnesses the following question : " Q. Any gas lines through your property ? " This offer being made as preliminary to asking the witness as to his judgment as to the effect of the construction of pipe lines in dispute through the property of the plaintiff. [2, 3]

*Errors assigned* were, (1) the admission of evidence on the part of the plaintiff under objection of defendant as set out in the statement of facts ; (2, 3) rejection of evidence on the part of the defendant as set out in the statement of facts.

*A. M. Todd* and *J. A. Wiley,* for appellant.—First assignment of error : There is no disposition to dispute the proposition that testimony showing the relative situation of buildings and other improvements upon the plaintiff's premises and of the defendant's pipe line is admissible. ˙ This has long since been settled by numerous decisions of our courts. When, however, as in this case, one single, isolated improvement is attempted to be shown, and when the showing of it would not fulfill the purpose for which it was ostensibly offered, "an essential test of the competency of witness, called to give an opinion in respect of the market value of land, is that they should affirmatively appear to have actual, personal knowledge of the facts affecting the subject-matter of the inquiry:" Ry. Co. v. Vance, 115 Pa. 325 ; R. R. Co. v. Patterson, 107 Pa. 464.

*R. W. Irwin* and *J. R. Burnside*, for appellee.

OPINION BY REEDER, J., July 16, 1896:

This action was brought by the plaintiff against the defendant corporation for damages to his land by reason of the defendant laying a gas pipe line in a public road to which he held the fee, thus charging it with an additional servitude which the plaintiff claimed depreciated the value of his land. The appellant in his first assignment of error complains of the action of the court below in admitting evidence of the laying of the pipe for the conveyance of natural gas in close proximity to a drain leading from the cellar of plaintiff's house. The plaintiff in making the offer stated that the purpose "was to show the exact location of the pipe line and of the property." For this purpose it was clearly admissible. The learned court below in the charge to the jury very properly, impartially and clearly restricted their consideration of this testimony within its legitimate lines when he told them that the probability of gas escaping from the pipes and going into the cellar of the house was not to be considered by them as a specific element of damage, except in so far as the construction of this gas line so near the drain might affect the value of the property. To cite authority to support such a well established principle of law would be a mere affectation of industry.

The second and third assignments of error may be considered together. The defendant called two witnesses, both of whom had testified that the laying of this pipe line did not affect the value of the plaintiff's land, by whom he proposed to prove that they each had gas pipe lines laid through or across the land of each of them, "this for the purpose of giving the jury an idea of the ability of the witness to form and express an intelligent opinion as the effect of this pipe line on this property." At least the above is an exact quotation of the offer in the one case and the other is substantially the same. This was objected to; the objection sustained and these rulings are the subject of the second and third assignments of error. These witnesses were called to testify to the value of the land as affected by the laying of the pipe line. The defendant who had called them then proposed to fortify their testimony by proving that they had pipe lines upon their own land. Had they been called as or shown

to be experts in the laying of pipe lines and their effect upon lands upon or through which they had been laid this might have been proper; or it might have been properly asked in cross-examination; or it would have been proper in direct examination to ask them whether they had a general knowledge either from observation or experience of the effect that pipe lines usually had upon lands through, upon or across which they were laid : Michael v. Crescent Pipe Line Co., 159 Pa. 99. But it was wholly incompetent and immaterial to show only for the purpose of fortifying their testimony as to the effect of this pipe line upon the plaintiff's land that a pipe line was laid upon the land belonging to each of them. This might have led to an investigation as to the nature of the land, through what part of the land the pipes were laid, how the line was constructed, and how the line crossed the land of each of them. Of course this would have been an unnecessary prolongation of the trial upon a wholly immaterial matter and yet would have been eminently proper had the court admitted the evidence the rejection of which is complained of.

Judgment affirmed.